IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY RAY MCCAULEY, JR.                                                                    PLAINTIFF

v.                                            Civil No. 4:16-cv-04001

OFFICER TURNER; SGT. CATO;
CPT. JOHNNY GODBOLT; LT. HEATH ROSS;
and SHERIFF JAMES SINGLETON                                                                DEFENDANTS

## ORDER

Plaintiff Billy Ray McCauley, Jr. proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 20. Currently before the Court is Plaintiff's failure to prosecute this case and failure to follow Court orders.

## BACKGROUND

On January 4, 2016, Plaintiff filed his Complaint in this matter. ECF No. 1.[1] In the Order granting *in forma paueris* ("IFP") status Plaintiff was advised he was required to immediately inform the Court of any change of address and further informed that failure to do could result in dismissal of this case. ECF No. 3. On March 22, 2016, mail sent to Plaintiff at his address of record – Hempstead County Detention Center, 312 South Washington Street, Hope, Arkansas 71801 - was returned as undeliverable. Based on research by the Court, Plaintiff's address was changed to the Arkansas Department of Correction, Ouachita River Unit, P.O. Box 1630, Malvern, Arkansas 72104. Again Plaintiff was informed of his duty to notify the Court of any change of address and that failure to notify the Court could result in the dismissal of his claims.

---

[1] On March 31, 2016, Plaintiff also filed a Supplement to his Complaint (ECF No. 18) on a 1983 Complaint form. Defendants filed an Answer to the Supplement on April 4, 2016. ECF No. 19.

1

On November 16, 2016, a Final Scheduling Order was entered setting a trial date for Monday, April 3, 2017. On November 29, 2016, Plaintiff filed a Motion for Settlement Conference (ECF No. 24) which was denied on December 1, 2016. ECF No. 26.

On March 8, 2016, an Order was sent to Plaintiff directing him to submit his list of witnesses and exhibits for trial to the Court by Monday, March 20, 2017. ECF No. 32. Plaintiff did not respond and the Order was not returned as undeliverable. On March 29, 2017, the trial was reset for May 31, 2017. ECF No. 34. On April 20, 2017, the trial was again reset for July 17, 2017. ECF No. 35. On June 26, 2017, the Court issued a writ of *habeas corpus* to Plaintiff's address of record at the ADC Ouachita River Unit ordering the Plaintiff be brought to trial in Texarkana on July 17, 2017. None of these Orders were returned as being undeliverable.

The matter was called for trial just after 10:00 a.m. on Monday, July 17, 2017. All Defendants were present with counsel ready to proceed. Plaintiff did not appear. Court staff contacted the ADC and were informed Plaintiff had been transferred to the Arkansas Department of Community Corrections in January of 2017. Plaintiff failed to inform the Court at any time of this change of address.

## APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff failed to comply with two Court Orders directing Plaintiff to inform the Court of his change of address and one Court Order directing him to submit his list of witnesses and exhibits prior to trial. ECF Nos. 3, 16, 32. Plaintiff has not contacted the Court since November 29, 2016, and did not appear for his trial. Plaintiff was warned on two separate occasions that failure to notify the Court of a change of address would result in dismissal of his case. As a result of Plaintiff's failure to follow the orders of this Court, the Defendants and their counsel prepared for and appeared for trial on July 17, 2017. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint and Supplement are dismissed with prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Orders, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b); *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986).

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) and Supplement to Complaint (ECF No. 18) are **DISMISSED** with prejudice.

**IT IS SO ORDERED this 18th day of July 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE